Common Pleas Court of Hamilton County.

## HARRY I. MICHAELSON V. CITY OF CINCINNATI.

Decided April, 1928.

*Saul Zielonka* and *William Jerome Kuertz,* for plaintiff in error.

*John D. Ellis,* city solicitor, and *John J. O'Donnell,* assistant city solicitor, for defendant in error.

BELL, J.

This is a proceeding in error to reverse two judgments of the Municipal Court of the city of Cincinnati, wherein the city of Cincinnati was plaintiff, and Harry I. Michaelson was defendant.

In the said proceedings the said Michaelson was tried, convicted and sentenced for violation of Section 845 of the Ordinances of the city of Cincinnati.

The record discloses that two separate and distinct judgments of the court below are sought to be here reviewed in one proceeding in error. No objection being made by counsel for defendant in error, the court will assume that the city had consented to the consolidation of these cases.

The sole question for determination is the constitutional-

ity of Section 845 of the Ordinances of the city of Cincinnati.

Some time after the passage of Section 845 of the Code of Ordinances one Samuel Meyers brought an action in this court to enjoin William Copelan, chief of police of the city of Cincinnati, and Clarence O. Sherrill, city manager of said city, from enforcing the provisions of Sections 845 and 845-2 of the Code of Ordinances of the city of Cincinnati. The injunction was denied and the judgment was reviewed by the Court of Appeals, the constitutionality of the two sections of the ordinance upheld, and judgment of this court was affirmed. A petition in error was filed in the Supreme Court of Ohio, and a judgment entered affirming the judgment of the Court of Appeals.

In the judgment entry of the Supreme Court it was recited that four of the seven judges of that court were of the opinion that Sections 845 and 845-2 were unconstitutional and void, and that three of the judges were of the opinion that Sections 845 and 845-2 were constitutional and valid.

This judgment entry discloses that the majority of the Supreme Court were of the opinion that the law was unconstitutional. However, under Section 2, Article 4, of the Constitution of Ohio, in so far as here applicable reads as follows:

"No laws shall be held unconstitutional and void by the Supreme Court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the court of appeals declaring a law unconstitutional and void."

By this provision the Supreme Court was required to, and did, enter a judgment of affirmance of the judgment of the Court of Appeals.

It is contended by plaintiff in error in this case that four of the judges of the Supreme Court having been of the opinion that these two sections of the ordinance were unconstitutional, that it is the right and the duty of this court to declare Section 845 unconstitutional and void in this proceeding.

This contention would not be seriously entertained but

for the fact that attention has been called to a decision by one of my colleagues in the case of *State, ex rel. Crabbe, Attorney General,* v. *Crawford,* in which case the conclusion of the five judges of the Supreme Court who were of the opinion that the law was unconstitutional was followed, although the judgment of the Supreme Court in that case was a judgment declaring the law to be constitutional. This court is not in accord with the view expressed in the *Crawford case.*

For a number of years prior to the adoption of the Constitution in 1912, there was a great deal of discussion and some severe criticism of the right of courts to declare acts of legislative bodies unconstitutional and void. At one time this criticism went to the extent of advocating the recall of judicial decisions.

The constitutional convention in 1912 by Article 4, Section 2, which section was later ratified by the people of this state, placed a check upon the power of the courts of this state to declare acts unconstitutional and void.

If this court was to follow the opinion of the majority of the judges rather than the judgment of the court, it would be doing by indirection that which the Constitution prohibits being directly done.

The court is of the opinion that it is bound to follow the judgment of the Court of Appeals, holding this section to be constitutional, and the affirmance of that judgment by the Supreme Court of Ohio.

Entertaining this view, it follows that the judgments of the Municipal Court must be and hereby are affirmed.